Dale R. Martin
Michael B. Galletch
BAROKAS MARTIN & TOMLINSON
1422 Bellevue Avenue
Seattle, WA 98122
Telephone: (206) 521-1871
Facsimile: (206) 621-9907

*Attorneys for Acstar Insurance Company* and *United Coastal Insurance Company*

Hon. Robert H. Whaley

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE UNITED STATES OF AMERICA, For the Use of Benefit of CONTRACTORS EQUIPMENT MAINTENANCE COMPANY, INC., a Washington corporation,<br><br>        Plaintiff,<br>vs.<br><br>BECHTEL HANFORD, INC., a corporation; P.W. STEPHENS CONTRACTORS, INC., a Missouri corporation; ACSTAR INSURANCE COMPANY, a foreign corporation,<br><br>        Defendants. | NO. CT-02-5006-RHW<br><br>ACSTAR'S MEMORANDUM IN OPPOSITION TO BHI's MOTIONS FOR ORDER SETTING HEARING DATE AND FOR JUDGMENT<br><br>***ORAL ARGUMENT REQUESTED*** |

ACSTAR'S MEMORANDUM IN OPPOSITION
TO BHI's MOTIONS FOR ORDER SETTING
HEARING DATE AND FOR JUDGMENT     - 1 -

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

## I. INTRODUCTION AND RELIEF REQUESTED

Defendant Acstar Insurance Company (hereinafter as "Acstar") and United Coastal Insurance Company ("United Coastal") respectfully request that this Court deny Defendant Bechtel Hanford, Inc.'s ("BHI") Motions for Order Setting Hearing Date and for Judgment.

United Coastal's supersedeas bond does not cover BHI's judgment against P.W. Stephens Contractors, Inc. ("PWS"). Accordingly, this Court cannot issue judgment against United Coastal with respect to BHI's judgment against PWS.

Further, on two occasions, Acstar delivered to BHI checks in the amount that BHI and Acstar agreed would satisfy all of Acstar's obligations for the judgment, costs, fees, and disbursements. Accordingly, this Court cannot issue judgment against United Coastal with respect to BHI's judgment against Acstar.

Acstar also requests that oral argument be presented. Counsel for Acstar and United Coastal has contacted the Court in accordance with Local Rule 7.1(h), and the Court has telephonic argument scheduled for Wednesday, March 15 at 1:30 pm.

## II. PROCEDURAL BACKGROUND

On February 7, 2006, BHI served the subject motion for an order setting a hearing date for March 13, 2006 and for motion for judgment against United Coastal. Federal Rules of Appellate Procedure, Rule 8(b), governs its motion:

> (b) Proceeding Against a Surety. If a party gives security in the form of a bond or stipulation or other undertaking with one or more sureties, each surety submits to the jurisdiction of the district court and irrevocably appoints the district clerk as the

ACSTAR'S MEMORANDUM IN OPPOSITION
TO BHI's MOTIONS FOR ORDER SETTING
HEARING DATE AND FOR JUDGMENT        - 2 -

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

surety's agent on whom any papers affecting the surety's liability on the bond or undertaking may be served. On motion, a surety's liability may be enforced in the district court without the necessity of an independent action. The motion and any notice that the district court prescribes may be served on the district clerk, who must promptly mail a copy to each surety whose address is known.

### III. FACTS

#### A. The Original Judgment

Since BHI's motion places the judgment and subsequent appeal at issue, it is helpful to first describe the underlying action and judgment that was the subject of the appeal.

The instant action arose from BHI terminating for default its subcontract with PWS. BHI's subcontract with PWS was renewable and/or cancelable after each fiscal year. Toward the end of fiscal year 2001, BHI asserted that PWS was in default for alleged financial difficulties and terminated its subcontract with PWS.

Acstar, as surety, provided a payment and performance bond on behalf of PWS for one of those years, fiscal year 2001. A performance bond creates a tri-partite relationship. The bond principal is the primary obligor as to the underlying bonded contract. The surety is the secondary obligor. The obligee is the beneficiary of the bond. *See* 74 *Am.Jur.* 2d *Suretyship § 1*.

At the time of default, PWS had earned but had not been paid the amount of $1,106,525.70. BHI retained this amount and also looked to Acstar to pay the excess cost to complete the fiscal year 2001 bonded work, that is the cost to complete over and above what BHI would have paid PWS

ACSTAR'S MEMORANDUM IN OPPOSITION
TO BHI's MOTIONS FOR ORDER SETTING
HEARING DATE AND FOR JUDGMENT - 3 -

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

to perform the same work.

After trial, this Court concluded that BHI's damages totaled $1,389,136.74, comprised of $417,344.90 for the year Acstar provided its performance bond (fiscal year 2001), and $971,791.84 for the subsequent non-bonded years (fiscal years 2002 through March 2004).[1] This Court then applied the $1,106,525.70 that PWS had earned prior to default but which BHI had retained first to BHI's damages during the non-bonded years (fiscal years 2002-2004), and second to BHI's damages incurred during the bonded year (fiscal year 2001). What remained was a balance due of $282,611 for the bonded year (fiscal year 2001). This calculation is depicted below:

| | |
|---|---:|
| Retained earnings | $1,106,525.70 |
| 2002-2004 damages | -$971,791.84 |
| | $134,733.86 |
| 2001 damages | -$417,344.90 |
| Remainder | ($282,611.04) |

On March 23, 2004, this Court entered judgment against both PWS and Acstar for the $282,611.00 remainder, above. This Court also entered judgment against both Acstar and PWS, jointly and severally, for BHI's attorney's fees, costs and expenses, and pre-judgment interest in the aggregate amount of $428,387.44. Thus, the total amount of the Judgment entered against both PWS and Acstar, jointly and severally, was $710,998.44 ($282,611.00 + $428,387.44).

B. **The Appeal**

Following trial, Acstar and PWS filed a Notice of Appeal on April

---

[1] See January 12, 2004 Findings of Fact and Conclusions of Law.

ACSTAR'S MEMORANDUM IN OPPOSITION
TO BHI's MOTIONS FOR ORDER SETTING
HEARING DATE AND FOR JUDGMENT         - 4 -

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

22, 2004. On appeal, the only issues presented were (1) whether this Court improperly held Acstar liable for amounts beyond the terms of its bond, specifically attorney's fees and pre-judgment interest, and (2) whether this Court should have applied the $1.1 million retained earnings first to BHI's damages in the bonded year (fiscal year 2001), then to the subsequent years. No appeal was taken as to whether BHI's termination of PWS was justified and no appeal was taken as to whether BHI was entitled to the damages it claimed and was awarded against PWS, as to principal, attorney's fees, costs and expenses, and pre-judgment interest. As such, there was no challenge to the judgment against PWS.

C. **Acstar's Supersedeas Bond**

On June 9, 2004, Acstar alone filed its Notice of Filing Undertaking to Stay Enforcement of Money Judgment Pending Appeal along with its Supersedeas Bond on Appeal.[2] The supersedeas bond listed Acstar as the bond principal and United Coastal as surety, and noted that both Acstar and United Coastal were held and firmly bound to BHI. Only Acstar and United Coastal executed the supersedeas bond. The condition of the supersedeas bond was: "if Acstar shall pay all costs, fees, disbursements and judgments incurred by reason of said appeal proceeding, then this obligation shall be null and void and released, but otherwise to remain in full force and effect...." See Supersedeas Bond, pg. 2, Ex. 1 to the Galletch Declaration. As a result of the filing of the supersedeas bond, BHI was precluded from enforcing the judgment as to Acstar.

BHI did not object to either the Notice of Undertaking or the

---

[2] A copy of Acstar's Notice of Undertaking and United Coastal's Supersedeas Bond is attached to the Galletch Declaration as Ex. 1.

ACSTAR'S MEMORANDUM IN OPPOSITION
TO BHI's MOTIONS FOR ORDER SETTING
HEARING DATE AND FOR JUDGMENT - 5 -

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

Supersedeas Bond.

PWS did not file an undertaking or bond to stay enforcement of the money judgment against it. Acstar did not file an undertaking or bond on PWS' behalf. Further, this Court did not stay enforcement of judgment as against PWS. BHI was free to enforce and collect upon the March 23, 2004 Judgment as against PWS while the appeal was proceeding forward. It did not. Acstar and United Coastal request that this Court take judicial notice of its file, which demonstrates that BHI took no action whatsoever to enforce and collect upon the March judgment as against PWS.

### D. The Ninth Circuit Court of Appeals' Decision

As noted above, on appeal, Acstar only presented two issues: (1) whether Acstar's performance bond covered attorney's fees and pre-judgment interest, and (2) the application of the $1.1 million that PWS earned prior to default.

In an unpublished August 24, 2005 decision, the Ninth Circuit reversed in part and affirmed in part this Court's judgment. The Ninth Circuit upheld this Court's application of the retained funds, first, to BHI's damages incurred in fiscal years 2002-2004 and, then, to fiscal year 2001. As such, this Court's judgment against Acstar in the amount of $282.611 was unchanged. The Ninth Circuit, however, vacated the Order Re: Attorney's Fees, Costs and Pre-judgment Interest finding that Acstar's performance bond did not cover attorney's fees and pre-judgment interest. In its opinion, in reviewing the terms of Acstar's performance bond, the Ninth Circuit stated:

> There is a bare reference on the face of the bond to the subcontract. The terms of the rider, however, support Acstar's argument that the bond expressly limited its liability to the

ACSTAR'S MEMORANDUM IN OPPOSITION
TO BHI's MOTIONS FOR ORDER SETTING
HEARING DATE AND FOR JUDGMENT - 6 -

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

costs of performing the contract. We agree that the intent to incorporate the subcontract's attorney's fees provision was not clear from the face of the bond or the rider. Therefore, the district court erred in relying on the subcontract as a basis for attorney's fees.

Ninth Circuit Court of Appeals Memorandum, August 24, 2005, pp. 5-6.

Accordingly, the Ninth Circuit remanded the matter to this Court to modify the judgment consistent with its decision.

### E. Acstar Made Efforts To Conclude The Litigation

Almost immediately following the Ninth Circuit's decision, Acstar's counsel, who also represented PWS, contacted BHI's counsel about concluding the case and, on September 7, 2005, stated an intent to "end this matter" by making a payment to BHI "in exchange for full and final releases."[3] The September 7 letter proposed payment of $299,130.48 "in exchange for full and final releases." On September 8, BHI countered requesting payment of $304,160.46 to conclude the matter.[4]

On September 12, BHI's counter-proposal was accepted "as full and final settlement of all matters involved in and related to the referenced litigation."[5] The acceptance stated that payment would be made "within 24 hours after execution of the requisite settlement documentation and

---

[3] A copy of the September 7, 2005 letter is attached to the Galletch Declaration as Exhibit 2.

[4] A copy of BHI's September 8, 2005 is attached to the Galletch Declaration as Exhibit 3.

[5] A copy of the September 12, 2005 is attached to the Galletch Declaration as Exhibit 4.

ACSTAR'S MEMORANDUM IN OPPOSITION
TO BHI's MOTIONS FOR ORDER SETTING
HEARING DATE AND FOR JUDGMENT    - 7 -

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

stipulations for dismissal of the lawsuit." As the parties attempted to complete the settlement documents, BHI demanded to carve PWS out of the settlement documents, seeking to maintain its judgment against PWS, or alternatively, an additional $100,000 in order to release PWS.[6]

In light of BHI's demand, on January 4, 2006, Acstar simply sent a check in the amount of $304,160.46 to BHI as agreed, without a requirement for a release of PWS.[7] As this Court can see, BHI has attempted to mislead this Court by stating: "To date, neither Acstar nor P.W. Stephens has made any payment to satisfy the March 23, 2005 [sic] Judgment." *See* BHI's Memorandum in Support of BHI's Motion for Order Setting Hearing Date and for Judgment, p. 4: 11-14; and the Declaration of Marisa M. Bavand, p. 2:15-17.

One month after Acstar sent the check, in early February 2006, BHI's counsel returned the check! BHI did state, however, that it "is willing to settle with Acstar alone for the previously agreed upon amount."[8] Acstar accepted BHI's proposal, stating that it would pay the previously agreed upon amount of $304,160.46.[9] Acstar then sent on March 2 a

---

[6] A copy of BHI's December 21, 2005 letter is attached to the Galletch Declaration as Exhibit 5.

[7] A copy of the January 4, 2006 letter with a copy of the enclosed check is attached to the Galletch Declaration as Exhibit 6.

[8] A copy of BHI's February 7 letter is attached to the Galletch Declaration as Ex. 7.

[9] A copy of Acstar's Feb. 27 letter is attached to the Galletch Declaration as Ex. 8.

ACSTAR'S MEMORANDUM IN OPPOSITION
TO BHI's MOTIONS FOR ORDER SETTING
HEARING DATE AND FOR JUDGMENT - 8 -

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

second check to BHI for $304,160.46 in payment of Acstar's obligations in the above-referenced litigation.[10]

## IV. LEGAL ARGUMENT

### F. Bond Does Not Cover the Judgment Against PWS

As noted above, only Acstar and United Coastal signed the supersedeas bond. Only Acstar is a bond principal on the bond.

A surety relationship is a tri-partite one where the bond principal, in this situation, Acstar, is the primary obligor, the surety, United Coastal, is the secondary obligor, and the obligee, Bechtel, is the beneficiary of the bonded obligation. See *Insurance Co. of the West v. U.S.*, 243 F.3d 1367, 1370 (Fed. 2001) ["A surety bond creates a three-party relationship, in which the surety becomes liable for the principal's debt or duty to the third party obligee (here, the government)]. *Balboa Ins. Co. v. United States*, 775 F.2d 1158, 1160 (Fed.Cir.1985)."]; Restatement Third, Suretyship and Guaranty §1. The following chart depicts the tri-partite nature of the relationship:

///
///
///
///
///
///
///

---

[10] A copy of Acstar's March 2, 2006 letter is attached to the Galletch Declaration as Ex. 9.

ACSTAR'S MEMORANDUM IN OPPOSITION TO BHI's MOTIONS FOR ORDER SETTING HEARING DATE AND FOR JUDGMENT - 9 -

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907



As is graphically depicted above, PWS is nowhere to be seen. In fact, the only mention of PWS in the entire bond is in the caption and in a recital where the Judgment is described, as follows: "Defendant Bechtel Hanford was awarded judgment against Acstar and Defendant P.W. Stephens Contractors...." PWS did not sign the supersedeas bond. PWS is not listed as a principal or obligor on the supersedeas bond. Only Acstar's, not PWS', obligation to pay is set forth in the condition of the supersedeas bond. The bottom line is that the supersedeas bond does not cover the judgment against PWS.

### 1. *Old Republic* is Directly on Point

In *Goldberg, Marchesano, Kholman, Inc. v. Old Republic Surety Co.*, 727 A.2d 858 (DC App. 1999), a case with virtually the same facts as the present case, the District of Columbia Court of Appeals held that Old Republic's supersedeas bond did not cover the judgment against the bond principal's co-judgment debtor.

ACSTAR'S MEMORANDUM IN OPPOSITION
TO BHI's MOTIONS FOR ORDER SETTING
HEARING DATE AND FOR JUDGMENT - 10 -

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

In *Old Republic*, Goldberg, Marchesano, Kohlman. Inc. ("GMK") filed a breach of contract action against PFP, Inc. ("PFP") and named PFP's president, Joan Bingham, based on an alter ego theory. The trial court entered judgment in favor of GMK and against both PFP and Ms. Bingham, jointly and severally. Ms. Bingham and PFP filed an appeal and sought a stay of the judgment pending the appeal.

Ms. Bingham obtained a supersedeas bond from Old Republic pursuant to the District of Columbia's rule regarding supersedeas bonds, which rule is identical to Fed.R.Civ.Pro. 62(d). *infra*. Ms. Bingham arranged for Old Republic to issue the bond in order to obtain a stay of enforcement of the judgment against her. The bond named Ms. Bingham as the bond principal and Old Republic as surety. The bond did not mention PFP or suggest that PFP was a co-principal on the bond. Ms. Bingham submitted the bond in connection with the motion that both she and PFP filed jointly to stay the judgment pending the appeal. In response, GMK objected to the amount of the supersedeas bond. However, GMK never raised an objection to the fact that the bond only included Ms. Bingham as the bond principal and not PFP. The trial court issued a stay as to both Ms. Bingham and PFP in response to their joint motion.

The Court of Appeals affirmed the judgment against PFP, but reversed the judgment against Ms. Bingham. PFP then became insolvent.

GMK then unsuccessfully sued Old Republic on the supersedeas bond asserting that: (1) the supersedeas bond covered both Ms. Bingham and PFP; and (2) the fact that the trial judge accepted the bond as security for the judgment as to both judgment debtors obligated Old Republic to satisfy the judgment against PFP. GMK and Old Republic filed cross-

ACSTAR'S MEMORANDUM IN OPPOSITION
TO BHI's MOTIONS FOR ORDER SETTING
HEARING DATE AND FOR JUDGMENT - 11 -

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

motions for summary judgment. The court granted Old Republic's motion dismissing GMK's claim against the supercedeas bond.

GMK unsuccessfully appealed from the dismissal of its claim asserting that the supersedeas bond covered PFP's liability. The *Old Republic* court concluded as follows: (1) the language of Old Republic's bond clearly identified Joan Bingham as the party whose liability the bond secured; (2) the bond did not mention PFP; (3) while Ms. Bingham was PFP's president and in that capacity could act for the corporation, the fact that the bond did not mention PFP and that Ms. Bingham did not sign in her capacity as president of PFP meant that PFP was not a party to the surety contract; (4) the language of the bond was unambiguous in that it covered only Ms. Bingham's liability.

And, in affirming the dismissal of GMK's claims against the bond, the Court of Appeals noted that:

> A surety bond is a contract whereby one party, the surety, agrees to answer for the debts of another, the principal. 74 Am.Jur.2d Sureteyship § 3 (1974).... Under the laws of the District of Columbia, "[a] surety's obligation must be measured by the conditions stated in the bond...." *Bevard v. New Amsterdam Casualty Co.*, 132 A.2d 157, 159 (D.C. App. 1957); *see also In re Estate of Spinner*, 717 A.2d 362, 366 (D.C. App. 1998).

*Old Republic, supra,* 727 A.2d at 860.

In the appeal of the present case, the Ninth Circuit applied the rule that the bond's language governs the extent of a surety's liability. *See,* Ninth Circuit Court of Appeals Memorandum, August 24, 2005, pp. 5-6, *supra.* Also, other jurisdictions agree with the legal principles that *Old Republic* cites. *See Werbungs Und Commerz Union Austalt v. Collect's*

ACSTAR'S MEMORANDUM IN OPPOSITION
TO BHI's MOTIONS FOR ORDER SETTING
HEARING DATE AND FOR JUDGMENT - 12 -

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

*Guild Ltd.*, 782 F. Supp. 870, 875 (1991) ("the extent of a surety's liability [on a supersedeas bond] is governed by the bond's specific language"); *Neely v. Bankers Trust Co. of Texas*, 848 F.2d 658, 659 (5th Cir. 1988)("a [supersedeas] bond, being a contract, is controlled by the language in the bond"); *Tennessee Valley Auth. v. Atlas Machine & Iron Works, Inc.*, 803 F.2d 794, 798 (4th Cir. 1986)(supersedeas bond).

Washington agrees as well. Courts are not to hold sureties liable beyond the express terms of their engagement. *Simpson Logging Co. v. American Bonding Co. of Baltimore*, 137 P. 127, 129, 76 Wash. 533, 538 (1913); *see also Hansen Serv., Inc. v. Lun*, 283 P. 695, 698, 155 Wash. 182, 191 (1930) ("The liability of the guarantor cannot be enlarged beyond the strict intent of his contract"). Suretyship is a consensual and contractual relationship and is generally subject to the same rules applicable to contract law. *National Bank of Washington v. Equity Investors*, 546 P.2d 440, 444, 86 Wash.2d 545, 551 (1976). The primary factor for the court to consider in determining the meaning of a written contract is the intention of the parties, normally ascertained from the language that they employ. *Fancher Cattle Company v. Cascade Parking, Inc.*, 613 P.2d 178, 179, 26 Wash.App. 407, 408-409 (1980), citing *Grand Lodge of the Scandinavian Fraternity of America, Dist. 7 v. United States Fidelity & Guar. Co.*, 98 P.2d 971, 975, 2 Wash.2d 561, 569-570 (Wash. 1940).

### 2. P.W. Stephens is Not a Principal on United Coastal's Supersedeas Bond

United Coastal issued the supersedeas bond on behalf of Acstar, as bond principal. United Coastal issued the bond solely on behalf of Acstar. The bond does not list PWS as a principal. PWS did not sign the bond as a

ACSTAR'S MEMORANDUM IN OPPOSITION
TO BHI's MOTIONS FOR ORDER SETTING
HEARING DATE AND FOR JUDGMENT       - 13 -

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

principal or otherwise. The only mention of PWS is in the description of the March 23, 2004 Money Judgment. PWS' name is included only because its name is in the title of the Judgment. The bond is short enough that the entirety of it is set out below:

> KNOW ALL BY THESE PRESENTS, that we, ***Defendant/Appellant Acstar Insurance Co. ("Acstar")***, an entity incorporated in the State of Illinois, as Principal and United Coastal Insurance Company, an entity incorporated in the State of Arizona, as Surety, are held and firmly bound to Defendant Bechtel Hanford, Inc., Appellee, under this instrument, for the purpose of satisfying the Money Judgment, plus any costs, fees, and statutory interest in the above-captioned case, in the amount of, and not to exceed, One Million Sixty Six Thousand four Hundred Ninety Seven Dollars and Sixty Five Cents ($1,066,496.65), we bind ourselves, our successors and assigns, jointly and severally.
>
> WHEREAS, on the 23rd day of March 2004, in the above-captioned matter, Defendant Bechtel Hanford was awarded judgment against Acstar and Defendant P.W. Stephens Contractors in the total amount of $710,998.40;
>
> WHEREAS, ***Acstar has filed a Notice of Appeal*** sufficient to appeal, amount other orders of the trial court, that judgment to the United States Court of Appeals for the Ninth Circuit;
>
> NOW, THEREFORE, the condition of this obligation is such that ***if Acstar shall pay all costs, fees, disbursements and judgments incurred by reason of said appeal proceeding*** then this obligation shall be null and void and released, but otherwise to remain in full force and effect, provided, however, that the maximum liability for the Surety shall not exceed the sum of $1,066,497.65.
>
> Dated this 2nd day of June 2004.

ACSTAR'S MEMORANDUM IN OPPOSITION
TO BHI's MOTIONS FOR ORDER SETTING
HEARING DATE AND FOR JUDGMENT        - 14 -

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

<u>**ACSTAR INSURANCE CO.**</u>
/s/
Henry W. Nozko, Jr.
President

Dated this 2nd day of June 2004.

UNITED COASTAL INSURANCE COMPANY
/s/
David A. Price
Attorney-in-fact

*See* Ex. 1 to the Galletch Declaration (Emphasis added).

Further, Acstar's Notice of Filing Undertaking To Stay Enforcement of Money Judgment Pending Appeal, filed on June 9, 2004, expressly states:

> Please take notice that pursuant to Fed.R.Civ.Pro.62(d) and Fed.R.of App.Pro.7 an undertaking is being filed ***on behalf of Defendant Acstar Insurance Co.***, the original of which is attached hereto as Exhibit 1, to stay the money Judgment for Bechtel Hanford, Inc. against P.W. Stephens Contractors, Acstar Insurance Co. and Contractor's Equipment Maintenance Co. entered by the Court on May 23, 2004.... [Emphasis added.]

Accordingly, the bond and the accompanying notice of its filing is clear and unequivocal that Acstar is the only principal on the bond.

### 3. United Coastal's Bond Does Not Cover the Judgment Against PWS

Applying the various factors that the court in *Old Republic* looked at, it is even more clear in this case than in *Old Republic* that the supersedeas bond does not cover the judgment against PWS:

(1) The language of Old Republic's bond clearly identified Joan Bingham as the party whose liability the bond secured. Similarly, in this

ACSTAR'S MEMORANDUM IN OPPOSITION
TO BHI's MOTIONS FOR ORDER SETTING
HEARING DATE AND FOR JUDGMENT - 15 -

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

case, United Coastal's bond clearly identifies Acstar as the party whose liability it secures;

(2) The bond did not mention PFP. The only place the bond mentions PWS is in the title of the Judgment;

(3) While Ms. Bingham was PFP's president and in that capacity could act for the corporation, the fact that the bond did not mention PFP and that Ms. Bingham did not sign in her capacity as president of PFP meant that PFP was not a party to the surety contract. In this case, Acstar and PWS are unrelated entities such that Acstar had no control over PWS and could not sign on behalf of PWS; and

(4) The language of the bond was unambiguous in that the bond only covered Ms. Bingham's liability. Again, in this case, the bond language is unambiguous that it covers only Acstar's obligation to "pay all costs, fees, disbursements and judgments incurred by reason of said appeal proceeding...."

BHI did not object to the United Coastal bond when Acstar filed it with this Court. Further, Acstar did not seek a stay of enforcement of the judgment as against PWS. It only sought a stay as to the judgment against itself. BHI was free to pursue enforcement of the judgment against PWS as soon as this Court issued that judgment, notwithstanding that both Acstar and PWS appealed the judgment.[11] However, BHI did not. "Equity aids the vigilant, not those who slumber on their rights." *Leschner v. Dept. of Labor and Indus.*, 185 P.2d 113, 122, 27 Wash.2d 911, 927 (Wash. 1947).

---

[11] Under Washington law, "[t]he purpose of a supersedeas bond is to stay further proceedings in the superior court...and the failure to give such bond simply permits the enforcement of the judgment...." *Ryan v. Plath*, 140 P.2d 968, 976, 18 Wash.2d 839, 855-56.

ACSTAR'S MEMORANDUM IN OPPOSITION
TO BHI's MOTIONS FOR ORDER SETTING
HEARING DATE AND FOR JUDGMENT  - 16 -

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

Pursuant to the Fed.R.Civ.Pro. 62(d), a party that wishes to stay execution of a judgment and appeal the court's ruling may file a supersedeas bond:

> Stay Upon Appeal: When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay.... This bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court. [Emphasis added.]

Only one appellant, Acstar, gave a supersedeas bond to obtain a stay pursuant to Rule 62(d). This Court must not rewrite the supersedeas bond to have United Coastal guarantying the PWS judgment.

## V. CONCLUSION

Based on the foregoing and the fact that Acstar has paid to Bechtel the entire amount of the judgment applicable to it, Acstar and United Coastal respectfully submit that this Court must deny BHI's motion for judgment on the supersedeas bond.

Dated this 2nd day of March 2006

BAROKAS MARTIN & TOMLINSON

s/Micahel B. Galletch
Dale Martin, WSBA # 1216
Michael Galletch, WSBA #29612
*Attorneys for Acstar Insurance Company and United Coastal Insurance Company*

ACSTAR'S MEMORANDUM IN OPPOSITION
TO BHI's MOTIONS FOR ORDER SETTING
HEARING DATE AND FOR JUDGMENT     - 17 -

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

# CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Marisa Bavand
mbavand@groffmurphy.com

<u>s/Michael B. Galletch</u>
Michael B. Galletch, WSBA #29612
Attorney for Defendant
Acstar Insurance Company
Barokas Martin & Tomlinson
1422 Bellevue Avenue
Seattle, Washington 98122
(206) 621-1871 Phone
(206) 621-9907 Fax
mbg@bmatlaw.com

ACSTAR'S MEMORANDUM IN OPPOSITION
TO BHI's MOTIONS FOR ORDER SETTING
HEARING DATE AND FOR JUDGMENT            - 18 -

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907