David C. Groff
Marisa M. Bavand
Linda Y. Chu
GROFF MURPHY TRACHTENBERG
& EVERARD, PLLC
300 E. Pine
Seattle, WA 98122
Telephone: (206) 628-9500
Facsimile: (206) 628-9506

Attorneys for Defendant
Bechtel Hanford, Inc.

The Honorable Robert Whaley

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE UNITED STATES OF AMERICA, For the Use and Benefit of CONTRACTORS EQUIPMENT MAINTENANCE COMPANY, INC., a Washington corporation,<br><br>      Plaintiff,<br><br> v.<br><br>BECHTEL HANFORD, INC., a corporation; P.W. STEPHENS CONTRACTORS, INC., a Missouri corporation; ACSTAR Insurance Company, a foreign corporation,<br><br>      Defendants. | No. CV-02-5006-RHW<br><br>BHI'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT |

BHI'S REPLY IN SUPPORT OF ITS MOTION
FOR JUDGMENT – Page 1

**GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC**
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

## I. SUMMARY OF ARGUMENT

Prior to the filing of this pending motion, Acstar's tender of funds had always been conditioned upon BHI's release of PWS without any consideration.[1] In a startling change of position when it filed its response to BHI's moving papers, Acstar agreed to tender funds in satisfaction of its obligations in this action without the condition that BHI release PWS with no consideration.[2] Consequently, assuming that Acstar's liability in this action will be satisfied in the near future, the only portion of the March 23, 2004 Judgment remaining unsatisfied is the liability of PWS in this action. As of March 15, 2006, the amount of PWS' liability, with post-judgment interest, is $438,160.13.[3]

At issue, therefore, is whether the Supersedeas Bond given by Acstar covers the liability of PWS. BHI asserts that it does, while Acstar disagrees. Distinguishable from *Old Republic,* the case upon which Acstar relies, the Supersedeas Bond at issue here does specifically name PWS and expressly reference the liability of PWS in this action. The plain language of the bond reflects that Acstar undertook the liability of PWS and posted the bond securing the liability of both PWS and Acstar in this action. The bond

---

[1] Acstar asserts (mistakenly) in its response memorandum brief, that in January 2006, it tendered a check to BHI "without a requirement for a release of PWS." *See* Acstar's Memorandum, filed on March 2, 2006, p. 8 lines 6-7. That assertion is belied by the very documents it cites in support of that statement. *See* Exhibit 6 to the Declaration of Michael B. Galletch, filed on March 2, 2006 ("Galletch Decl."). This will be further addressed in section II(C) below.

[2] *See* accompanying Declaration of Marisa M. Bavand re: BHI's Reply in Support of Motion for Judgment ("Bavand Decl."), at ¶¶ 5-8 and **Exhibits B, C, D** and **E**.

[3] For details of the calculation, *see* Appendix A hereto.

BHI'S REPLY IN SUPPORT OF ITS MOTION
FOR JUDGMENT – Page 2

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

notably does not provide that the obligation of UCIC shall be null and void when Acstar pays that portion of costs, fees, disbursements and judgments for which Acstar alone is liable by reason of the appeal proceeding. Rather, it provides that the obligation of UCIC shall be null and void only if Acstar pays "**all costs, fees disbursements and judgments incurred by reason of said appeal proceeding....**" *Old Republic* is factually inapplicable to this case, and the reliance of Acstar upon that case is misplaced. By requesting the Court to reach the same conclusion as the court in *Old Republic,* Acstar is requesting the Court to ignore the express written terms of the Supersedeas Bond.

Undisputedly, on numerous occasions, as the surety and assignee to the claims of PWS, Acstar consistently insisted upon undertaking the obligations and liability of PWS in this action in order to advance Acstar's argument that it occupies the shoes of PWS. Thus, unsurprisingly, Acstar and its counsel drafted a Supersedeas Bond expressly referencing and undertaking the liability of PWS.

Even the conduct of counsel for Acstar and PWS demonstrates that they have always intended for and understood the bond to cover the liability of both Acstar and PWS. As late as January of this year, counsel for Acstar and PWS continued to tender funds in the approximate amount of Acstar's liability in this action, but demanded that BHI release both Acstar and PWS, as well as exonerate the Supersedeas Bond. Without a question, had counsel understood the bond to cover only the liability of Acstar, they would have understood that by tendering a check in satisfaction of Acstar's liability in this case, the bond would also be released. Instead, counsel for Acstar and PWS conditioned BHI's acceptance of the tender upon a release of PWS (without any consideration), so that Acstar may obtain a complete release of the Supersedeas Bond.

In sum, based on the unambiguous language of the Supersedeaus Bond, the unambiguous language of the Notice of Filing Undertaking attached thereto and the



GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

conduct of counsel for Acstar and PWS, it is clear that the Supersedeas Bond covers the liability of both Acstar and PWS. UCIC, as the surety on the Supersedeas Bond, is therefore also liable and bound to BHI for all obligations and liability of Acstar and PWS. Since the Judgment of March 23, 2004 remains unsatisfied with respect to PWS' liability, BHI is entitled to a judgment against UCIC.

## II. ARGUMENT

### A. The Unambiguous Language of the Supersedeas Bond Covers the Liability of Both Acstar and PWS in This Action.

In arguing that the Supersedeas Bond does not cover the portion of the Judgment entered against PWS, Acstar relies almost exclusively upon *Goldberg, Marchesano, Kholman, Inc. v. Old Republic Surety Co.*, 727 A.2d 858 (D.C. App. 1999). Its reliance on *Old Republic* is completely misplaced.

In *Old Republic,* a judgment was entered against two parties, PFP, Inc. ("PFP") and its president, Ms. Bingham. *Old Republic,* 727 A.2d at 860. Ms. Bingham obtained a supersedeas bond from Old Republic to secure the judgment against her. *Id.* Critically, the court observed "that bond did not mention PFP." *Id.*

In concluding that the language of the supersedeas bond was unambiguous in that only the liability of Ms. Bingham was covered, the court carefully analyzed the facts and relied heavily on the fact that the bond itself did not mention PFP:

> In this instance, the language of the [bond] contract clearly **identifies Joan Bingham as the party whose liability is secured by the Bond. PFP is not mentioned anywhere on the bond**. While Ms. Bingham was PFP's president and in that capacity could act for the corporation, **the fact that PFP was not mentioned on the face of the bond** and that Bingham did not purport to sign in her capacity as president of PFP means that PFP was not a party to the surety contract. Therefore, the language of the bond is unambiguous in that only the liability of Joan Bingham was covered.

BHI'S REPLY IN SUPPORT OF ITS MOTION
FOR JUDGMENT – Page 4

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

*Id.* at 861. Indispensable to the factual basis supporting the ultimate legal conclusion of the court in *Old Republic* is that the supersedeas bond at issue there identified Ms. Bingham as the only party whose liability was secured by the bond, and that "PFP [was] not mentioned anywhere on the bond." *Id.*

In contrast, the Supersedeas Bond in this action provides in relevant part:

> WHEREAS, on the 23rd day of March 2004, in the above-captioned matter, Defendant Bechtel Hanford was awarded **judgment against Acstar and Defendant P.W. Stephens Contractors in the total amount of $710,998.40**;
>
> Whereas, Acstar has filed a Notice of Appeal sufficient to appeal ... **that judgment** to the United States Court of Appeals for the Ninth Circuit;
>
> NOW, THEREFORE, the condition of this obligation is such that if Acstar shall pay **all costs, fees, disbursements and judgments incurred by reason of said appeal proceeding**, then this obligation shall be null and void and released, but otherwise to remain in full force and effect ....

*See* Exhibit A to Notice of Filing Undertaking, filed on June 9, 2004. Unlike the supersedeas bond in *Old Republic,* clearly referenced and expressly mentioned in the Supersedeas Bond here are PWS and its liability in the amount of $710,998.40. Thus, as a threshold matter, *Old Republic* is factually inapplicable to this matter.

Further, unlike the bond in *Old Republic,* the language of the Supersedeas Bond at issue here unambiguously establishes that it secures not only the liability of Acstar, but that of PWS as well. In fact, set forth expressly in the Supersedeas Bond is that the relevant Judgment in question is the one awarded "**against Acstar and Defendant P.W. Stephens Contractors in the total amount of $710,998.40**" (emphasis added). The Supersedeas Bond even states that the Notice of Appeal filed was to appeal "that judgment", which expressly refers to the Judgment identified in the preceding paragraph that was "awarded against Acstar and Defendant P.W. Stephens Contractors in the total

BHI'S REPLY IN SUPPORT OF ITS MOTION
FOR JUDGMENT – Page 5

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

amount of $710,998.40." To the extent there exists any doubt as to whether the Supersedeas Bond secures the liability of the entire Judgment or just a portion of that Judgment, it is resolved in the last paragraph of the bond, which states that UCIC's liability is null and void when Acstar pays "<u>all costs, fees, disbursements and judgments</u> incurred by reason of said appeal proceeding" (emphasis added). Notably, it <u>does not</u> state that UCIC's liability is null and full when Acstar pays <u>that portion</u> of costs, fees, disbursements and judgments <u>for which Acstar is liable</u> by reason of said appeal proceeding. Acstar and its counsel could have drafted the Supersedeas Bond that way, but they chose not to.

Consistent with the language of the Supersedeas Bond, the Notice of Filing Undertaking attached to the bond also mentions PWS and expressly states that the Supersedeas Bond was given "to stay the money Judgment ... **against P.W. Stephens, Acstar Insurance ....**" Notice of Undertaking, p. 1-2. That Notice of Filing Undertaking was signed by Michael Galletch, as counsel for both PWS and Acstar.[4] *Cf. Old Republic*, 727 A.2d at 861 (bond signed by Ms. Bingham in her individual capacity). Consequently, the language of the Notice of Filing Undertaking also reflects

---

[4] Because the Supersedeas Bond specifically references PWS and its liability, and because the Notice of Filing of Undertaking signed by counsel for PWS and Acstar expressly represents to the Court that the Supersedeas Bond was given to stay the Judgment against *both* PWS and Acstar, BHI did not try to enforce the Judgment against PWS while this action was on appeal. Had the bond not identified PWS and its liability, or had counsel for PWS and Acstar not represented that the bond given was to stay judgment against both PWS and Acstar, then Acstar would be correct that BHI should have and could have enforced the Judgment against PWS. However, that is not the case here.

BHI'S REPLY IN SUPPORT OF ITS MOTION
FOR JUDGMENT – Page 6

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

that the bond was not given just to secure Acstar's liability or to stay that portion of the Judgment against Acstar. Instead, it was given by Acstar to also secure PWS' liability and to stay the portion of the Judgment against it. Given the language of the Notice of Undertaking attached to the Supersedeas Bond, there can be no doubt that the Supersedeas Bond was posted by Acstar on behalf of itself and PWS to secure the liability of both Acstar and PWS.

**B. To the Extent There Exists Any Ambiguity in the Surety Contract, It Must Be Construed Liberally in Favor of BHI.**

It is BHI's position that the language of the Supersedeas Bond unambiguously covers the liability of both Acstar and PWS in this case. Even if there exist any ambiguities, the rule of construction dictates that when the surety is a company, any ambiguity in a bond contract should be construed liberally in favor of the beneficiary. *Old Republic,* 727 A.2d at fn. 1 (citations omitted). *See also Thomson & Pratt Ins. Assoc., Inc. v. Dept. of State,* 05-1 BCA ¶ 32944 (ambiguities resolved against the drafter); *American Radiator & Standard Sanitary Corp. v. L.L. Forbes,* 259 F.2d 147, 150 (9th Cir. 1958) (applying Montana law: ambiguity construed "most strongly against a paid surety); *Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462, 1465 (4th Cir. 1991) (performance bond was prepared or adopted by surety, any ambiguities must be construed against the surety).

Here, undisputedly, UCIC, the surety, is a company. In light of the fact that the Supersedeas Bond specifically identifies BHI as the beneficiary of the bond and that the bond identifies both PWS and its liability in the amount of $710,998.40, to the extent there exist any ambiguities as to the liability that the bond secures, it must be construed in favor of the bond beneficiary, BHI. This means, if the Court finds any ambiguity in the Supersedes Bond, the Court should construe the bond to secure the liability of both PWS and Acstar in favor of BHI.

BHI'S REPLY IN SUPPORT OF ITS MOTION
FOR JUDGMENT – Page 7

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

## C. The Consistent Conduct of Acstar Suggests that It Intended for the Supersedeas Bond to Cover the Liability of PWS in This Action.

It is not a mystery as to why Acstar undertook the liability of PWS in this matter when Acstar posted the Supersedeas Bond. As the Court is aware, Acstar has always argued that it is a surety to Acstar and therefore should step into the shoes of PWS.[5] Also undisputedly, Acstar is the assignee of PWS' claims in this matter. In fact, until the filing of this pending motion by BHI, Acstar has consistently taken the position that as a surety and assignee to PWS, it steps into the shoes of PWS by undertaking the liability of PWS in this action. Consequently, when Acstar and PWS elected to appeal the Judgment against them, Acstar, as a surety and assignee to PWS, made a calculated decision by giving a Supersedeas Bond that covers both Acstar's liability as well as the liability of PWS in this action in order to advance the argument that Acstar should step into the shoes of PWS.

The evidence shows that it was the intent of Acstar to undertake the liability of PWS and post a supersedeas bond covering PWS' liability. Indeed, even after the entry of the Memorandum Decision by the Court of Appeals, counsel for Acstar and PWS continued to insist that Acstar, "as the surety to PWS is in no position to exclude its principal"[6] in any discussions regarding the parties' liability in this action. Therefore in November 2005, Acstar rejected BHI's offer to settle with Acstar in the amount of $304,160.46, the approximate amount of the portion of the Judgment against Acstar. Instead, Acstar insisted that its tender of $304,160.46 must be contingent upon BHI's release of PWS and the Supersedeas Bond.[7] No doubt, had Acstar intended or understood the Supersedeas Bond to cover only its liability in this action, then it would

---

[5] Acstar's Memorandum, filed on March 2, 2006 ("Acstar Memo") at p. 3.

[6] *See* Bavand Decl. at ¶ 2 and **Exhibit A** thereto.

[7] *Id.*

BHI'S REPLY IN SUPPORT OF ITS MOTION
FOR JUDGMENT – Page 8

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

have understood that its tender of funds in satisfaction of its liability in this action would completely exonerate the bond. By insisting on a release of PWS, Acstar demonstrates that it too had understood the bond to cover the liability of PWS. Consequently, Acstar insisted upon negotiating a release of PWS in order to obtain a complete exoneration of the Supersedeas Bond.

Even as late as January of this year, Acstar continued to take the position that the Supersedeas Bond covers the liability of PWS. In his January 4, 2006 letter, Dale Martin, counsel for Acstar and PWS, again states in plain language Acstar's tender of the $304,160.46 check was "made in satisfaction of all claims and the judgment" and that BHI may negotiate the check only "upon execution and entry by the Court of the attached documentation", which is a proposed Stipulation and Order for Dismissal purporting to dismiss this action and to exonerate the Supersedeas Bond in its entirety.[8] In other words, as late as January of this year, Acstar's tendered of a $304,160.46 check was still contingent upon BHI's release of PWS, indicating that in January of this year Acstar continued to take the position that the Supersedeas Bond covers not only its liability but that of PWS' as well. Again, had Acstar believed that the Supersedeas Bond covers only its liability in this action, it would have understood that any agreement by BHI to release Acstar would constitute a release of the Supersedes Bond. Because Acstar knew its Supersedeas Bond covers more than its own liability, it insisted that BHI release PWS so that there would be a complete exoneration of the bond.

---

[8] See Exhibit 6 to Galletch Decl. Note that while Acstar asserts in its response memorandum brief that in January of this year, it's tender of funds was "without a requirement for a release of PWS", the documents it cites in support of that statement reflect otherwise.

BHI'S REPLY IN SUPPORT OF ITS MOTION
FOR JUDGMENT – Page 9

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

## III. CONCLUSION

Throughout this litigation, Acstar has consistently refused to perform its obligations. Its refusal to satisfy that portion of Judgment for which it is liable, coupled with its unreasonable demand for BHI to release PWS from all liability in this action without any consideration, represents yet another tactic by Acstar to avoid liability.

Based on the unambiguous language of the Supersedeas Bond and the Notice of Filing Undertaking attached thereto, there is no question that the bond was posted by Acstar to secure the liability of both itself and PWS in this action. Even assuming that there exists an ambiguity in the language of the bond, that must be construed liberally in favor of BHI, the beneficiary of the bond.

In addition to the unambiguous language of the Supersedeas Bond and Notice of Filing Undertaking, the acts of Acstar confirm that it posted the Supersedeas Bond with the intent that it covers the liability of both Acstar and PWS in this action. By insisting that BHI must release PWS, Acstar in fact shows that it had always known that the bond secures not only its liability in this action but also that of PWS. Because that portion of the Judgment against PWS has not been satisfied, the Court should grant BHI's Motion for Judgment against UCIC, the Supersedeas Bond surety, in the amount of $438,160.13.

Dated this 9th day of March, 2006.

Respectfully submitted,

GROFF MURPHY TRACHTENBERG
& EVERARD PLLC

David C. Groff, WSBA #04706
Marisa M. Bavand, WSBA #27929
Linda Y. Chu, WSBA #29584

*Attorneys for Defendant Bechtel Hanford, Inc.*

BHI'S REPLY IN SUPPORT OF ITS MOTION
FOR JUDGMENT – Page 10

GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC
300 EAST PINE
SEATTLE, WASHINGTON 98122
(206) 628-9500
FACSIMILE: (206) 628-9506

APPENDIX A

PWS' Liability

| | 3/23/04 Judgment | BHI-Acstar Agreed Statutory Costs for Settlement Purpose (Exh. 3 & 4 of Galletch Decl.) | PWS' Liability | Post-Judgment Interest Rate | Date Post-Judgment Interest begins to accrue | Date of Judgment Agn Surety Entered | Post Judgment Interest Owed by Surety as of Date of Judgment Agn Surety | Total |
|---|---|---|---|---|---|---|---|---|
| Attorney's Fees | $ 296,554.00 | | $ 296,554.00 | 0.0118 | 3/23/04 | 3/15/06 | $ 6,921.98 | $ 303,475.98 |
| Costs | $ 35,884.09 | $ 11,455.98 | $ 24,428.11 | 0.0118 | 3/23/04 | 3/15/06 | $ 570.19 | $ 36,454.28 |
| Pre-Judgment Interest | $ 95,989.35 | | $ 95,989.35 | 0.0118 | 3/23/04 | 3/15/06 | $ 2,240.52 | $ 98,229.87 |
| **Total:** | **$ 428,427.44** | | **$ 416,971.46** | | | | **$ 9,732.69** | **$ 438,160.13** |
| | | | | | per diem | $ 13.48 | | |

CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Larry L. Barokas
Michael Galletch
Barokas Martin Ahlers & Tomlinson
1422 Bellevue Ave.
Seattle, WA 98122
Phone: (206) 621-1871
Fax: (206) 621-9907
e-mail: mbg@bmatlaw.com
*Counsel for ACSTSAR*

George Telquist
Leavy Schultz Davis & Fearing, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
Phone: (509) 736-1330
Fax: (509) 736-1580
e-mail: **telquist@tricitylaw.com**
*Counsel for Contractors Equip. Maintenance Company, Inc.*

_____
Sarah Damianick, Legal Assistant
Groff Murphy Trachtenberg
& Everard PLLC

BHI'S REPLY IN SUPPORT OF ITS MOTION
FOR JUDGMENT – Page 12

**GROFF MURPHY
TRACHTENBERG &
EVERARD PLLC**
300 East Pine
Seattle, Washington 98122
(206) 628-9500
Facsimile: (206) 628-9506