UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE UNITED STATES OF AMERICA, For the Use and Benefit of CONTRACTORS EQUIPMENT MAINTENANCE COMPANY, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>BECHTEL HANFORD, INC., a corporation; P.W. STEPHENS CONTRACTORS, INC., a Missouri corporation; ACSTAR INSURANCE COMPANY, a foreign corporation,<br><br>Defendants. | NO. CV-02-5006-RHW<br><br>**ORDER GRANTING DEFENDANT BECHTEL HANFORD, INC.'S MOTION FOR JUDGMENT** |

Before the Court is Defendant Bechtel Hanford, Inc.'s Motion for Judgment (Ct. Rec. 311). A telephonic hearing was held on March 14, 2006, in Spokane, Washington. Defendant Bechtel Hanford, Inc. was represented by Linda Chu. Defendant Acstar Insurance Co., and United Coastal Insurance Company was represented by Michael Galletch.

## PROCEDURAL BACKGROUND

On March 23, 2004, this Court entered judgment in favor of Defendant Bechtel Hanford, Inc. ("BHI") against Defendants P.W. Stephens Contractors, Inc. (PWS), Acstar Insurance Company (ACSTAR), and Contractors Equipment Maintenance Co.[1]

---

[1] CEMC's claims were dismissed on the merits.

**ORDER GRANTING DEFENDANT BECHTEL HANFORD, INC.'S MOTION FOR JUDGMENT ~ 1**

(Ct. Rec. 286). On April 22, 2004, ACTAR and PWS filed a Notice of Appeal (Ct. Rec. 287) ("Defendants Acstar Insurance Company and P.W. Stephens Contractors, Inc. Appeal to the United States Court of Appeals for the Ninth Circuit the judgment entered by the United States District Court . . . and all interlocutory orders that gave rise to that judgment."). The Circuit upheld the court's award of damages and costs, but reversed the Court's ruling on attorney's fees and prejudgement interest (Ct. Rec. 306).

In relation to the appeal, a Notice of Filing Undertaking to Stay Enforcement of Money Judgment Pending Appeal was filed on June 9, 2004, by Dale Martin and Michael Galletch, whose caption stated that they were attorneys for Defendants/Appellants Acstar Insurance and P.W. Stephens Contractors, Inc. (Ct. Rec. 292). The Notice of Filing Undertaking contained the following language:

> "[P]ursuant to Fed. R. Civ. P. 62(d) and Fed. R. of App. Pro 7 an undertaking is being filed on behalf of Defendant Acstar Insurance Co. . . . to stay the money Judgment for Bechtel Hanford, Inc. against P.W. Stephens Contractors, Acstar Insurance Co. and Contractor's Equipment Maintenance Co. entered by the Court on May 23, 2004.

*Id.*

Attached to the Notice was a copy of the Supersedeas Bond on Appeal, which was signed by Henry Nozko, Jr., President of Acstar Insurance Co., and David A. Price, Attorney-in-fact for United Coastal Insurance Company. The Supersedeas Bond contained the following language:

> "We, Defendant/Appellant Acstar Insurace Co. )"Acstar"), an entity incorporated in the State of New York, as Principal, and _____, an entity incorporated in the State of _____, as Surety, are held and firmly bound to Defendant Bechtel Hanford, Inc. Appellee under this instrument, for the purpose of satisfying the Money Judgment, plus any costs, fees, and statutory interest in the above-captioned case, in the amount of, and not to exceed, One Million Four Hundred Twenty One Thousand Nine Hundred Ninety Six Dollars and Eighty Cents ($1,421,996.80), we bind ourselves, our successor and assigns, jointly and severally.
> WHEREAS, on the 23rd day of March 2004, in the above-captioned matter, Defendant Bechtel Hanford was awarded judgment against Acstar and Defendant P.W. Stephens Contractors in the total amount of $710,998.40;
> WHEREAS, Actar has filed a Notice of Appeal sufficient to appeal that judgment, among other orders of the trial court, to the United States Court of Appeals for the Ninth Circuit;
> NOW, THEREFORE, the condition of this obligation is such that if Acstar shall pay all costs, fees, disbursements and judgments incurred by

**ORDER GRANTING DEFENDANT BECHTEL HANFORD, INC.'S MOTION FOR JUDGMENT ~ 2**

reason of said appeal proceedings, then this obligation shall be null and void and released, but otherwise to remain in full force and effect, provided, however, that the maximum liability for the Surety shall not exceed the sum of $1,066,497.65.

(Ct. Rec. 292)

BHI now seeks judgment against United Coastal Insurance Company (UCIC), surety on the Supersedeas Bond for Appeal, in the amount of $727,818.95.

## DISCUSSION

**A.     Court's Jurisdiction**

Rule 65.1 provides in relevant part:

> Whenever these rules . . . require or permit the giving of a security by a party, and security is given in the form of a bond or stipulation or other undertaking with one or more sureties, each surety submits to the jurisdiction of the court and irrevocably appoints the clerk of the court as the surety's agent upon whom any papers affecting the surety's liability on the bond or undertaking may be served. The surety's liability may be enforced on motion without the necessity of an independent action. The motion and such notice of the motion as the court prescribes may be served on the clerk of the court, who shall forthwith mail copies to the sureties if their addresses are known.

Fed. R. Civ. P. 65.1. Therefore, the Court has jurisdiction and the authority to enter an order enforcing UCIC's liability.

**B.     Contract Interpretation**

The pivotal question for the Court is one of contract interpretation. Federal courts look to state law to construe common law surety contracts. *Mai Steel Serv., Inc. v. Blake Constr. Co.*, 981 F.2d 414, 420 (9th Cir. 1992). Under Washington law, "suretyship is a consensual and contractual relationship and is generally subject to the same rules applicable to simple contract law." *National Bank of Washington v. Equity Investors*, 86 Wash. 2d 545, 546 (1976). In general, "the liability of a surety is measured by the terms of [the] agreement." *King Equipment Co. v. R.N. & L. Corp.*, 1 Wash.App. 487, 491 (1969). "In construing what legal obligations are imposed by language of a specific instrument, the objective meaning of the language determines liability." *National Bank of Washington*, 86 Wash. 2d. at 445.

"In construing a written contract, the basic principles require that (1) the intent of

**ORDER GRANTING DEFENDANT BECHTEL HANFORD, INC.'S MOTION FOR JUDGMENT ~ 3**

the parties controls; (2) the court ascertains the intent from reading the contract as a whole; and (3) a court will not read an ambiguity into a contract that is otherwise clear and unambiguous." *Mayer v. Pierce County Med. Bureau*, 80 Wash.App. 416, 420, 909 P.2d 1323 (1995). Contract interpretation is only a question of law when "(1) the interpretation does not depend on the use of extrinsic evidence, or (2) only one reasonable inference can be drawn from the extrinsic evidence." *Tanner Elec. Corp. v. Puget Sound Power & Light Co.*, 128 Wash.2d 656, 674 (1996). A contract is ambiguous if its terms are uncertain or they are subject to more than one meaning. *Mayer*, 80 Wash.App. at 421.

Here, at the hearing, the parties agreed that the proper course of action for the Court to take is to first determine whether the Supersedeas Bond on Appeal is unambiguous based on three documents that are part of the Court Record: the Judgment (Ct. Rec. 286), the Notice of Filing Undertaking to Stay Enforcement of Money Judgment Pending Appeal and Supersedeas Bond on Appeal (Ct. Rec. 292) and the Notice of Appeal (Ct. Rec. 287).

Taken together, the Court concludes that these documents unambiguously hold that the Supersedeas Bond filed in this action covers the liability of PWS. The judgment against ACSTAR and PWS was awarded severally; attorney's fees were awarded jointly and severally; costs and expenses were awarded jointly and severally; and prejudgment interest was awarded jointly and severally. It is clear that the appeal to the Ninth Circuit was filed on behalf of both ACSTAR and PWS. The Supersedeas Bond was filed to effect the stay of the Judgment against both BHI and PWS. Likewise, both parties were represented by the same lawyers on appeal. All three documents construed together establish that the judgement against PWS had been stayed by the filing of the Supercedeas Bond. If during the duration of the appeal, BHI attempted to collect judgment against PWS, it would have been prohibited by the Notice of Filing Undertaking to Stay Enforcement of Money Judgment Pending Appeal and Supersedeas Bond on Appeal. The Bond covers Bechtel's judgement against PWS.

**ORDER GRANTING DEFENDANT BECHTEL HANFORD, INC.'S MOTION FOR JUDGMENT** ~ 4

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Bechtel Hanford, Inc.'s Motion for Judgment (Ct. Rec. 311) is **GRANTED**.

2. Defendant Bechtel Hanford, Inc.'s Motion for Hearing (Ct. Rec. 308) is **GRANTED**.

3. Defendant Bechtel Hanford, Inc. is entitled to recover from UCIC the sum of $727,818.95, plus $22.99 per diem after March 23, 2006. After payment of the said Judgment, UCIC is discharged from all liability on the Bond.

4. The District Court Executive is directed to enter judgment in favor of Defendant Bechtel Hanford, Inc.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this 20th day of March, 2006.

s/ Robert H. Whaley

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2002\Bechtel\bechtel.attorney's.fees.ord.wpd

**ORDER GRANTING DEFENDANT BECHTEL HANFORD, INC.'S MOTION FOR JUDGMENT ~ 5**