UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE UNITED STATES OF AMERICA, For the Use and Benefit of CONTRACTORS EQUIPMENT MAINTENANCE COMPANY, INC., a Washington corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>BECHTEL HANFORD, INC., a corporation; P.W. STEPHENS CONTRACTORS, INC., a Missouri corporation; ACSTAR INSURANCE COMPANY, a foreign corporation,<br><br>  Defendants. | NO. CV-02-5006-RHW<br><br>**ORDER DENYING MOTION FOR CLARIFICATION AND RECONSIDERATION** |

Before the Court is Defendant United Coastal Insurance Company's (UCIC) and ACSTAR Insurance Company's (ACSTAR) Motion for Reconsideration and Clarification of the March 20, 2006 Order (Ct. Rec. 327). The motion was heard without oral argument.

## BACKGROUND

On March 20, 2006, this Court entered an order granting a Motion for Judgment in favor of Defendant Bechtel Hanford, Inc. ("BHI") against Defendant P.W. Stephens Contractors, Inc. ("PWS") and Acstar Insurance Company ("ACSTAR") (Ct. Rec. 324). In that Order, the Court stated that BHI is entitled to recover from UCIC, surety for ACSTAR and PWS, the sum of $727,818.95, plus $22.99 per diem after March 23, 2006.

**ORDER DENYING MOTION FOR CLARIFICATION AND RECONSIDERATION** * 1

ACSTAR now asks the Court to reconsider one portion of its order. ACSTAR asks the Court to reconsider its holding so that the said judgment reflect only the amounts the Court determined was owed by PWS under the March 20, 2006 Judgment. According to ACSTAR, the Court's 2006 Order and Judgment should not include any amounts owed by ACSTAR since Defendant BHI and ACSTAR settled unresolved ACSTAR obligations prior to the Court considering and determining BHI's Motion of Judgment against UCIC. ACSTAR and UCIC request the Court clarify its 2006 Judgment and Order to reflect only those amounts the Court determined were owed by PWS, specifically $421,915.51.

## DISCUSSION

It is not clear the authority under which Defendants ACSTAR and UCIC are asking the Court to reconsider its Order and Judgment. Fed. R. Civ. P. 59(e) provides the authority of the Court to amend a judgment; Fed. R. Civ. P. 60(b) provides for relief from judgment or order. Here, it appears that UCIC is asking that the amount of judgment entered against it be amended to reflect only that amount that is owed by PWS. Accordingly, the Court will proceed under Fed. R. Civ. P. 59(e).

**A.    Applicable Standard**

The standard for granting a reconsideration motion under Fed. R. Civ. P. 59(e) is a stringent one. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Sissoko v. Rocha*, 440 F.3d 1145, 1153-54 (9th Cir. 2006). To justify an amendment, UCIC must show that the evidence was discovered after the judgment, that the evidence could not be discovered earlier through due diligence, and that the newly discovered evidence is of such a magnitude that had the court known of it earlier, the outcome would likely have been different. *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003).

///

**ORDER DENYING MOTION FOR CLARIFICATION AND RECONSIDERATION** * 2

B.  **Request for Reconsideration**

In its motion for reconsideration, it appears that UCIC is relying on newly discovered evidence to support its contention that the Court should reconsider its Order. Specifically, UCIC argues that prior to the Court considering and deciding BHI's Motion for Judgment against UCIC, BHI and ACSTAR settled any and all obligations of ACSTAR and judgment should not have included the amounts owed by ACSTAR. Consequently, the Court should amend the judgment to reflect only the obligation belonging separately to PWS.

Neither UCIC or ACSTAR have shown that this is newly discovered information that was discovered after the judgment was entered. The bottom line is that judgment was entered against UCIC because neither ACSTAR or PWS have satisfied the 2004 judgment that was entered against them. Until they do, UCIC is liable for the judgment. Whether BHI accepted a settlement offer, or whether ACSTAR proffered a partial satisfaction of the judgment is a collateral issue that does not require the Court to amend the judgment that was awarded against UCIC.

Accordingly, **IT IS HEREBY ORDERED:**

1.  UCIC'S and ACSTAR's Motion for Reconsideration and Clarification of March 20, 2006 Order (Ct. Rec. 327) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and to furnish copies to counsel.

**DATED** this 24th day of April 2006.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2002\Bechtel\bechtel.reconsid.order.wpd

**ORDER DENYING MOTION FOR CLARIFICATION AND RECONSIDERATION** * 3